UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER LIK,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>        Defendant. | Case No. 20-cv-00255-DMR<br><br>**ORDER ON EX PARTE MOTION FOR EARLY DISCOVERY**<br><br>Re: Dkt. No. 13 |

Plaintiff Peter Lik filed this case on January 13, 2020, alleging state and federal claims against an anonymous internet user who Lik claims is impersonating him online. [Docket No. 1 ("Compl.").] Lik now seeks leave to conduct discovery prior to the Rule 26 conference so that he may ascertain the identity of the as-of-yet unnamed defendant ("Doe"). [Docket No. 13 ("Mot.").] Specifically, Lik requests permission to issue an early third-party subpoena to Facebook, Inc. ("Facebook") to identify Doe, who allegedly created an imposter Facebook account using the name "Peter Lik."

For the reasons stated below, the motion is denied without prejudice.

## I. BACKGROUND

Lik represents that he is a "world-renowned fine art photographer." Compl. ¶ 2. He has copyright registrations on his photographs, and trademark registrations for his business name. *Id.* ¶ 10. Lik has both a business and a personal account on Facebook. *Id.* ¶ 11. He alleges that Doe has created an imposter account on Facebook under his name, and uses the account to "mislead Mr. Lik's collectors, potential customers, and fans, post highly offensive content, and communicate directly with individuals who are seeking to communicate with Mr. Lik." *Id.* ¶ 3. For example, the fake account posts sexual statements, references drug use, and makes racist statements. *Id.* ¶¶ 15-19. According to Lik, Doe communicates with Lik's collectors, potential customers, and fans,

purporting to be Lik. *Id.* ¶ 20. Doe allegedly makes inappropriate and offensive statements, such as telling a fan to "imagine him punching her in the face." *Id.* ¶ 21.

Lik brings claims against Doe for copyright infringement, false association, defamation, false light, and intentional interference with prospective economic advantage. Through this motion, he seeks to serve an early third-party subpoena on Facebook in order to identify Doe and name him in this action.

## II.     LEGAL STANDARD

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). Courts have permitted "limited discovery . . . after [the] filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (stating that, when the true identity of the defendants is not known before complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds").

The plaintiff must demonstrate good cause for early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In evaluating whether a plaintiff establishes good cause to learn the identity of the defendants through early discovery, courts examine whether the plaintiff (1) identifies the unknown party with "sufficient specificity such that the Court can determine that the defendant is a real person or entity who can be sued in federal court," (2) recounts "all previous steps taken to locate the elusive defendant," (3) establishes that the action can withstand a motion to dismiss, and (4) demonstrates a "reasonable likelihood that the discovery process will lead to identifying information about [the] defendant that would make service of process possible." *Columbia Ins. Co.*, 185 F.R.D. at 578-580.

## III.    DISCUSSION

The first *Columbia* factor, which looks at whether the plaintiff has identified the missing

United States District Court
Northern District of California

party with "sufficient specificity," is "necessary to ensure that federal requirements of jurisdiction and justiciability can be satisfied." *Columbia Ins. Co.*, 185 F.R.D. at 578. Courts examining this factor have considered whether the plaintiff has shown that the court will likely have personal jurisdiction over the defendant. *See, e.g.*, *id.* at 579 (finding that the first factor was met where there was evidence most of the unknown defendants had a California domicile); *JT Foxx Org. v. Palmer*, No. 17-cv-02661-DMR, 2017 WL 3617111, at *3 (N.D. Cal. Aug. 23, 2017) (determining that the first factor was not met because the plaintiff did not demonstrate that the court likely had personal jurisdiction over the defendant).

In this case, Lik's complaint and motion contain almost no facts or arguments relevant to whether the court has personal jurisdiction over Doe. The complaint contains no discussion of personal jurisdiction at all, while the motion summarily asserts that Doe "may be subject to jurisdiction in this Court, since the locus of the misconduct is in California, where Facebook is located." Mot. at 4. Lik cites no cases where a court exercised personal jurisdiction over an individual simply because the alleged misconduct arose from that person's use of a platform hosted by a business in this district. To the contrary, courts (including this one) have explicitly rejected that argument. *See JT Foxx Organization*, 2017 WL 3517111, at *5 (finding that the plaintiff failed to adequately plead personal jurisdiction where the plaintiff merely alleged that the Doe defendant operated a blog on Google, which is based in Northern California). None of Lik's other allegations plausibly infer the existence of personal jurisdiction in this district, particularly since Lik's investigation revealed that the individual in question is likely located in Michigan. [Docket No. 14-4 ("Tratos Decl.") ¶ 8.] In sum, the only alleged connection between the facts of this case and California is that Doe's alleged misconduct occurred through his use of Facebook, whose business is located in this district. This single allegation is insufficient to establish a likelihood that the court can exercise personal jurisdiction over Doe in California.

Because the court finds that Lik has not made a sufficient showing on the first *Columbia* factor, it need not reach the other three. *See Berlin Media Art e.k. v. Does 1-654*, No. 11-03770 JSC, 2001 WL 36383080, at *3 (N.D. Cal. Oct. 18, 2011) (denying the plaintiff's motion for early discovery solely on the basis that the plaintiff did not make a prima facie showing of

personal jurisdiction); *see also Celestial Inc. v. Swarm Hash*, 2012 WL 995273, at *3 (C.D. Cal. Mar. 23, 2012) (denying the plaintiff's motion for early discovery without prejudice because the plaintiff's complaint would not survive a motion to dismiss for lack of personal jurisdiction).

## IV. CONCLUSION

For the foregoing reasons, the court denies Lik's motion for early discovery without prejudice.

**IT IS SO ORDERED.**

Dated: April 27, 2020

Donna M. Ryu
United States Magistrate Judge